UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SRIDEVI ACHI (individually and as Mother and Next Friend of BHAVANARSI ACHI and INDHRESH ACHI), | ) ) ) ) Case No. 16-cv-11632 |
| Plaintiff, | ) ) Judge Sharon Johnson Coleman ) |
| v. | ) ) |
| TIA TRANSPORT, INC., JIM SCOTT MILK HAULING, LLC, and DOUGLAS BRITZKE, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Sridevi Achi (Mrs. Achi), is married to third-party defendant Venkata Gobal Achi (Mr. Achi). Mr. Achi was driving a car containing Mrs. Achi and their children, Bhavanarsi and Indhresh Achi. The defendants contend that Mr. Achi failed to stop at a stop sign and entered the path of their truck, which collided with the car and caused substantial injuries to Bhavanarsi and Indhresh. Mrs. Achi subsequently filed suit against the defendants seeking, in pertinent part, to recover for the children's medical expenses pursuant to the Illinois Family Expense Act. The defendants subsequently filed a third-party complaint against Mr. Achi, bringing him into this suit. Mrs. Achi now moves this Court to make a good-faith finding as to the settlement between herself and Mr. Achi and to strike the defendant's third affirmative defense, which asserts Mr. Achi's contributory negligence as a defense to the Family Expense Act claim. For the reasons set forth herein, the motion to strike [34] is granted and the motion for a good-faith finding [31] is denied.

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

1

P. 12(f). Affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure and therefore they must set forth a "short and plain statement" of the material elements of the defense asserted and contain sufficient factual material that, when taken as true, states a defense that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.E.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006) (Castillo, J.).

"Motions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal quotations and citations omitted). Such motions will only be granted where they remove unnecessary clutter from the case or where the affirmative defense is insufficient on the face of the pleadings. *Heller Fin'l, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). Even where a motion to strike is granted, leave to amend the pleadings is to be freely granted as justice requires. Fed. R. Civ. P. 15(a). Further, striking an affirmative defense does not necessary preclude the party from asserting or arguing its substantive merits later in the case. *Palomares v. Second Fed. Sav. & Loan Ass'n,* No. 10-cv-6124, 2011 WL 2111978, at *2 (N.D. Ill. May 25, 2011) (citing *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l I'll. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983) (Shadur, J.)).

**Discussion**

The Illinois Family Expense Act provides in pertinent part that "[t]he expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." 750 ILCS 65/15(a)(1). The responsibility to pay medical expenses incurred

on behalf of a minor child is thus joint and several, and extends even to noncustodial parents following a divorce. *Proctor Hospital v. Taylor*, 665 N.E.2d 872, 875, 279 Ill.App.3d 624 (1996).

The common law, in turn, gives parents a cause of action against a tortfeasor who, by injuring their child, causes them to incur medical expenses. *Bauer v. Memorial Hospital*, 879 N.E.2d 478, 502, 377 Ill.App.3d 895, 992 (2007). Such a claim is not one for damages as a result of the child's personal injury, but is instead premised upon the parents' personal liability for the child's medical expenses under the Act. *Pirrello v. Maryville Academy, Inc.*, 19 N.E.3d 1261, 1264, 2014 IL App (1st) 133964. The cause of action has been recognized to belong to the parents, and "if the parents are not entitled to recover, neither is the child." *Id. (citing Bauer*, 879 N.E.2d at 502). Although a child may be assigned the cause of action, the child must prove that his parents had a cause of action, and the child is subject to any defenses that could have been raised against his parents. *Bauer*, 879 N.E.2d at 503.

The caselaw is clear that when both parents file suit for a child's medical expenses, their recovery may be reduced based on their contributory negligence. *Id.* There is no case law, however, explicitly holding what should happen when one parent seeks to recover under the Family Expense Act and the other parent was contributorily negligent.[1]

The defendants propose that Mr. Achi is the partial owner of the claim for medical expenses, and that Mrs. Achi's claim therefore is subject to reduction for Mr. Achi's negligence. In essence, the defendants ask this Court to treat both individual parents as a legal collective for the purpose of their Family Expense Act claims. This position is not tenable. Under the Family Expense Act, each spouse possesses a separate and independent cause of action, and the liability of a defendant toward one spouse cannot be adjudicated in the other spouse's action. *Seymour v. Union News Co.*, 217 F.2d

---

[1] The defendants contend that *Kennedy v. Kiss*, 412 N.E.2d 624, 89 Ill.App.3d 890 (1980) establishes that both parents must be free from contributory negligence in order to assert a Family Expense Act claim. The defendants overlook the fact that in *Kennedy* the Family Expense Act claim was being asserted by the minor child, who had been assigned both of her parents' rights to recover for medical expenses incurred on her behalf.

3

168, 170–171 (7th Cir. 1954). This is eminently sensible; otherwise a non-custodial parent who pays all of a child's medical expenses may be barred from recovering against a tortfeasor based on the contributory negligence of the custodial parent (or visa versa).

The Family Expense Act provides that parents are jointly and severally liable for the expenses of their children. And, as previously noted, common law confers parents with a right to recover for the medical expenses they expend on behalf of their child. *Bauer*, 879 N.E.2d at 502. Most Family Expense Act actions are likely brought jointly because the parents jointly pay the medical expenses at issue. A parent, however, would also be individually entitled to recover for the medical expenses that they individually incurred on behalf of their child. In such a circumstance, the recovering parent would be the individual owner of the Family Expense Act claim, and the other parent, who did not individually pay the medical expenses at issue, would not be entitled to bring such a claim.

Here, Mrs. Achi has alleged that she *individually* incurred medical expenses in excess of $75,000.00 in treating her children. Assuming, as this Court must at this stage in the proceedings, that those medical expenses were in fact paid individually by Mrs. Achi and that they were not jointly paid by Mr. and Mrs. Achi, any claim to recover those expenses would belong exclusively to Mrs. Achi. Mr. Achi's contributory negligence accordingly may not be considered in assessing Mrs. Achi's right to recover under the Family Expense Act. Because Mr. Achi's contributory negligence is not a defense to Mrs. Achi's complaint on the facts alleged, the defendants' third affirmative defense must be stricken. The Court notes that this ruling does not preclude the defendants from raising this issue again should Mrs. Achi seek to recover for medical expenses that were paid jointly with Mr. Achi.

The plaintiffs separately move this Court to make a good faith finding, to approve the settlement, and to dismiss the third-party complaint against Mr. Achi. The Illinois Contribution Act

extinguishes the contribution liability of a settling tortfeasor who settles in good-faith. 740 ILCS 100; *Johnson v. United Airlines,* 784 N.E.2d 812, 818, 203 Ill.2d 121 (Ill. 2003). In order to establish good faith, it is the initial burden of the settling parties to show the existence of a legally valid settlement agreement. *Id.* The burden then shifts to the non-movant to prove the absence of good faith by a preponderance of the evidence. *Id.* at 820.

In determining whether a settlement was executed in good faith, this Court must remain cognizant of the policies underlying the Contribution Act, the encouragement of settlements and the equitable apportionment of damages among tortfeasors. *Id* at 821. Among the factors that the Court may consider are whether the settlement amount is reasonable and fair, whether the parties have a close personal relationship, whether the plaintiff sued the settling party, or whether information about the settlement agreement was concealed. *Palacios v. Mlot*, 994 N.E.2d 1047, 1053, 2013 IL App (1st) 121416.

Mr. Achi has made a prima facie showing that the settlement between him and Mrs. Achi was entered into in good faith and was supported by consideration. Defendants, however, contend that the agreement was not in good faith in light of the extent of Mr. Achi's fault in causing the accident and the small size of the settlement payment.

Mr. Achi's settlement offer is disproportionate with his alleged level of fault and the overall damages being sought. The defendants have alleged that Mr. Achi is primarily at fault for the accident, and in the present briefing Mr. Achi makes no attempt to dispute this fact. Nevertheless, despite the fact that Bhavanarsi incurred over $1,500,000 in medical expenses Mr. Achi has only offered a settlement of $100,000.00 per child, the policy limit of his automobile liability insurance policy. Given the unrebutted assertion of Mr. Achi's fault, this stark difference between the settlement and the damages being sought is suggestive of bad faith. *Cf. Johnson*, 784 N.E.2d at 822

5

("The amount of a settlement must be viewed in relation to the probability of recovery, the defenses raised, and the settling party's potential legal liability.").

Settlement with Mr. Achi, moreover, would eliminate the contributory negligence issues previously discussed in the context of the Family Expense Act claims, potentially exposing the defendants to liability to Mr. Achi for Family Expense Act claims without the benefit of a contributory negligence defense. *See Ready v. United/Goedecke Servs., Inc.*, 905 N.E.2d 725, 734, 232 Ill.2d 369 (2008) (holding that a jury cannot apportion fault to a settled defendant). The proposed settlement therefore cannot be construed as being in good faith. *Associated Aviation Underwriters, Inc. v. Aon Corp.*, 800 N.E.2d 424, 435, 344 Ill.App.3d 163 (2003) ("An agreement cannot be construed as a good-faith settlement under the Contribution Act if the effect of the settlement shifts a disproportionally large and inequitable portion of the settling defendant's liability onto the shoulders of another.").

In assessing the good faith nature of a settlement, courts may also consider the relationship between the settling parties. *Palacios,* 994 N.E.2d at 1053. Here, the settling parties are married to each other. The parties have agreed to settle for Mr. Achi's insurance coverage limits, thus relieving Mr. Achi of any personal financial obligation notwithstanding his alleged culpability. Given the parties' relationship, any recovery from Mr. Achi in excess of his insurance coverage would likely be to Mrs. Achi's immediate detriment. The parties' relationship therefore further calls into question the good faith nature of the proposed settlement.

This Court is cognizant of the strong policy preference favoring early settlement under the Illinois Contribution Act. Here, however, the relationship between the parties, the parties potential joint ownership of the Family Expense Act claim, and the minimal settlement value lead this Court to conclude that, based on the totality of the circumstances, the proposed settlement is not in good faith and would undermine the Illinois' Contribution Act's purpose of providing for the equitable

6

apportionment of damages among tortfeasors. The Court accordingly declines to enter a good faith finding and to approve the proposed settlement.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED:  November 29, 2017